IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

AMIT BHALLA

    Debtor.
_____/

CHINA CENTRAL TELEVISION, CHINA
INTERNATIONAL COMMUNICATIONS
CO., LTD., TVB HOLDINGS (USA) INC.,
and DISH NETWORK LLC,

    Creditors,

v.

AMIT BHALLA

    Debtor.
_____/

CASE NO. 8:16-bk-00265-KRM
Chapter 7

Adversary Proceeding No. _____

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT OWED TO PLAINTIFFS AND DAMAGES**

Plaintiffs, China Central Television, China International Communications Co., Ltd., TVB Holdings (USA) Inc., and DISH Network LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, sue Amit Bhalla ("Debtor"), and in support state:

**JURISDICTION**

1.    This is an adversary proceeding brought by China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA) Inc. ("TVB"), and DISH Network LLC ("DISH"), objecting to the discharge of a portion of its debt owed by Debtor to Plaintiffs, under 11 U.S.C. § 523(a) and for damages.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This is a core proceeding which the Court is authorized to hear and determine under 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a) and Local Rule 1071-1 of the United States Bankruptcy Court for the Middle District of Florida.

## CONDITIONS PRECEDENT

5. All conditions precedent to the bringing of this action have been performed, waived or excused.

## BACKGROUND FACTS

6. This action arises from the willful and malicious copyright and trademark infringement committed by Amit Bhalla ("Bhalla" or "Debtor") in conjunction with Asha Media Group Inc. d/b/a TVpad.com ("Asha Media"), which at all material times was solely owned and operated by Debtor.

7. CCTV and TVB are the largest broadcasters of Chinese-language television in mainland China and Hong Kong, respectively.

8. Debtor's infringement consisted of a global pirate television service provided to customers over the "TVpad" set-top box.

9. Debtor, through his corporation, Asha Media, sold the TVpad device on a website he maintained and operated at http://www.tvpad.com/en/ ("TVpad.com").

10. Customers in the United States could purchase the TVpad device on TVpad.com for a one-time, up front payment, which would then allow the customers to receive unlicensed

television channels and television programs from China, Hong Kong, Taiwan, and other Asian countries.

11. Among the victims of this piracy are Plaintiffs, who are the legal and beneficial owners of the exclusive rights to distribute, exploit, or otherwise profit from copyrighted CCTV and TVB television programming in the United States. Plaintiffs also hold certain trademark rights in their respective names and logos.

12. Other entities that are not parties to this action, without the permission of or compensation to Plaintiffs, captured entire CCTV and TVB television channels and video-on-demand programming from Asia and streamed that programming over the internet to United States users of the TVpad device twenty-four hours a day, seven days a week. In turn, United States users of the TVpad device have retransmitted programs in which they have no legitimate possessory interest indiscriminately to numerous other members of the public.

13. Debtor, acting for himself and in concert with Asha Media,[1] has induced, promoted, encouraged, materially contributed to, assisted or abetted the infringing acts of the parties who capture and stream CCTV and TVB television channels and programming from Asia and stream that programming over the internet to United States users of the TVpad device, and the infringing acts of the United States TVpad users who retransmit said programming to other members of the public.

---

[1] As stated more fully in the State Court Complaint, Debtor and his solely-owned corporation, Asha Media, are one and the same. Under alter-ego liability and principles of copyright and trademark law, Debtor is liable for the acts of Asha Media. There is unity of interest and ownership between Asha Media and Debtor. Asha Media is owned, controlled, and operated solely by Debtor and Debtor has the decision-making power to start, stop, or continue Asha Media's acts of infringement described herein. Observance of the corporate form would lead to an inequitable result as it would allow Debtor to avoid personal liability for acts of willful and malicious infringement he committed through his operation of the TVpad.com website.

14. On March 13, 2015, Plaintiffs filed a complaint for copyright and trademark infringement against Debtor, Asha Media, and others in the United States District Court in the Central District of California ("Federal District Court Complaint"). A true and correct copy is attached hereto as **Exhibit 1**.

15. The Federal District Court Complaint explains the Plaintiffs' infringement claims in detail, and Plaintiffs re-allege and incorporate herein the factual allegations of the Federal District Court Complaint directed at the Debtor. See Federal District Court Complaint, **Exhibit 1**.

16. The causes of action asserted against Debtor in the Federal District Court Complaint are Secondary Copyright Infringement, Trademark Infringement and Unfair Competition, Common-Law Trademark Infringement and Unfair Competition, and Violation of California Business & Professions Code § 17200. See Federal District Court Complaint, **Exhibit 1**.

17. As of March 13, 2015, the date the Federal District Court Complaint was filed, Debtor offered various versions of the TVpad device for sale to U.S. customers through his corporation's website, TVpad.com. See Federal District Court Complaint, **Exhibit 1**.

18. As of that same date, a promotional blog post on TVpad.com touted the availability of free CCTV television, stating "Not wanting to pay for streaming television? TVpad4 still streams live news, sports, and television programming from stations like SoLive, CCTV and many, many more." Federal District Court Complaint, **Exhibit 1** at ¶196.

19. In November and December 2014, before Plaintiffs filed the Federal District Court Complaint, Plaintiffs sent cease and desist notices to both Debtor and Asha Media, demanding that they stop facilitating and inducing the infringement of Plaintiffs' copyrighted

television programming. See November 2014 and December 2014 Cease and Desist Letters ("C&D Letters"), attached hereto as composite **Exhibit 2**.

20. The C&D Letters appears to have caused Debtor to make cosmetic changes to TVpad.com, including removing references to CCTV and TVB programming, but Debtor did not cease his advertising and promotion of the infringing capabilities of the TVpad device and the availability of unlicensed channels from mainland China and Hong Kong. Nor did Debtor cease sales of the TVpad device.

*Willful and Malicious Infringement*

21. Debtor willfully and maliciously infringed on the Plaintiffs' copyright and trademark rights as evidenced by his continued operation—after having received the C&D Letters—of TVpad.com, which site references television programming over which Plaintiffs own the exclusive exploitation rights. Debtor continued to sell TVpad devices to allow US customers to pirate television programming over which the Plaintiffs own the exclusive exploitation rights, and continued to exploit Plaintiffs' trademarks including on the TVpad.com website and elsewhere.

22. Even after the filing of the Federal District Court Complaint, Debtor continued to infringe on Plaintiffs' copyrighted works and trademarks, including making sales of the TVpad device through June 2015, a full three months after the filing of the Federal District Court Complaint. See Wholesale and Resale Sales Records, attached hereto as composite **Exhibit 3**.

23. On June 11, 2015, the district court in the Central District of California issued a preliminary injunction, enjoining Debtor and Asha Media from infringing on Plaintiffs' rights in their copyrighted television programming and registered trademarks, whether directly,

contributorily, vicariously, or in any other manner. See Preliminary Injunction Order, attached hereto as **Exhibit 4**.

24. Debtor continued his willful and malicious infringement at least through June 15, 2015, as evidenced by his own sales records. See Wholesale and Resale Sales Records, **Exhibit 3**.

25. On August 28, 2015, Defendant Asha Media filed a Petition in the Circuit Court for the 13th Judicial District in Hillsborough County, Florida for an assignment of all assets for the benefit of creditors.

26. On January 13, 2016, Bhalla filed his petition under Chapter 7 of the Bankruptcy Code in this Court (the "Main Bankruptcy Case") resulting in a stay of the federal court proceedings in California against Amit Bhalla.

## COUNT I
### Objection to Dischargeability Under 11 U.S.C. § 523(a)(6)

27. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 26 above.

28. 11 U.S.C. §523(a)(6) provides that an individual debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

29. Debtor infringed on the Plaintiffs' rights to copyrighted television programming as well as registered trademarks as described above, and the Debtor's infringement was both willful and malicious.

30. The Debtor's acts resulted in injury to Plaintiffs and benefits to the Debtor.

WHEREFORE, Plaintiffs request judgment against the Debtor determining that the amount of debt owed to Plaintiffs for infringement is excepted from discharge, and grant such other and further relief as this Court deems just and proper.

## COUNT II
### Damages

31. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 30 above.

32. Plaintiffs were injured by Debtor's infringement in an amount to be determined at trial, which sum is currently estimated by Plaintiffs to exceed $1 million.

33. Debtor benefitted from his wrongful conduct.

WHEREFORE, Plaintiffs request judgment against the Debtor in an amount to be determined at trial, which amount is currently estimated to exceed $1 Million, and that the Court grant such other and further relief as it deems just and proper.

Respectfully Submitted,

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
Email: ggrossman@astidavis.com
kaleman@astidavis.com

By: */s/ Gregory S. Grossman*
Gregory S. Grossman
Florida Bar No. 896667
Kevin D. Aleman
Florida Bar No. 118058