UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AMIT BHALLA,                                      Case No.: 8:16-bk-00265-RCT
                                                  Chapter 7

      Debtor.

_____/

CHINA CENTRAL TELEVISION,
*et al.*,

      Plaintiffs,                              Adv. Pro.: 8:16-ap-00285-RCT

v.

AMIT BHALLA and RENA MEHTA
BHALLA,

      Defendants,

AMIT BHALLA and RENA MEHTA
BHALLA,

      Counter-Plaintiffs,

v.

CHINA CENTRAL TELEVISION,
*et al.*,

      Counter-Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

      Defendants, Amit Bhalla ("A. Bhalla") and Rena Mehta Bhalla ("R. Bhalla") (collectively,

"Defendants"), by counsel, submit the following answer and affirmative defenses in response to

the Complaint in Proceedings Supplementary (the "Complaint") filed by Plaintiffs, China Central

{00325801.DOCX;3}                                 1

Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB"), and Dish Network, LLC ("Dish") (collectively, "Plaintiffs").  In support, Defendants allege as follows:

1.      Admitted for jurisdictional purposes only.

## PARTIES, JURISDICTION, AND VENUE

2.      The *Final Judgment and Permanent Injunction Against Debtor Amit Bhalla* (Doc. No. 72) (the "Final Judgment") entered in Adversary Proceeding 8:16-ap-00285-RCT (the "Adversary Proceeding") speaks for itself; otherwise denied.

3.      The Final Judgment speaks for itself; otherwise denied.

4.      The Final Judgment speaks for itself; otherwise denied.

5.      Admitted for jurisdictional purposes only.

6.      Admitted that this is a non-core proceeding.  Denied to the extent that the Bankruptcy Court may only "hear and determine" the claims asserted in this Adversary Proceeding with consent of all parties.  Defendants consent to the Bankruptcy Court entering a final order or judgment in this Adversary Proceeding pursuant to 28 U.S.C. § 157(c)(2).

7.      Admitted that A. Bhalla is a citizen of the State of Florida who resides in Hillsborough County, Florida.

8.      Admitted that R. Bhalla is a citizen of the State of Florida who resides in Hillsborough County, Florida.

9.      Admitted for jurisdictional purposes only.

## CONDITIONS PRECEDENT

10.    The allegations of paragraph 10 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent the allegations are contrary to law, they are denied.

## BACKGROUND FACTS

11.    Admitted.

12.    Admitted.

13.    The Adversary Proceeding was filed on or about April 18, 2016.  The pleadings filed in the Adversary Proceeding speak for themselves; Creative Innovations was not a party to the Adversary Proceeding; otherwise denied.

14.    Defendants lack sufficient knowledge to form a belief with respect to the allegations in paragraph 14 of the Complaint and, therefore, deny the same.

15.    Denied that A. Bhalla sold the referenced products.  To the extent that the referenced products were sold, such products were sold by Asha Media Group, a separate legal entity.  The remainder of the allegations of paragraph 15 of the Complaint call for legal conclusions and, therefore, no response is required.  To the extent the allegations are contrary to law, they are denied.

16.    The Final Judgment speaks for itself; otherwise denied.

17.    Denied.

18.    Denied to the extent that the referenced writs of garnishment were dissolved pursuant to the Bankruptcy Court's *Memorandum Decision and Order Granting Motion to Dissolve Writ of Garnishment* (Doc. No. 136) (the "Dissolution Order").  The Dissolution Order speaks for itself; otherwise denied.

19.     The Dissolution Order speaks for itself; otherwise denied.

20.     Denied.

## CREATIVE INNOVATION SOLUTIONS

21.     Admitted that the initial officers, directors, and shareholders of Creative Innovations Solutions Corp. ("Creative Innovations") were A. Bhalla and Lalit Kumar Aggarwal; otherwise denied.  As evidenced by Exhibit "B" to the Complaint, the Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, at or around the time that payment was tendered to Douglas Menchise, as Chapter 7 Trustee for the Estate of A. Bhalla (the "Trustee"), by A. Bhalla and R. Bhalla from joint marital funds on or about April 27, 2016.

22.     Denied.

## FRAUDULENT TRANSFERS AND CONVEYANCES OF DIVIDEND PAYMENTS PRIOR TO TRANSFER OF OWNERSHIP OF CREATIVE

23.     Admitted that Creative Innovations transferred funds to the joint bank account of A. Bhalla and R. Bhalla, Account No. 0676 (the "Joint Account"), and the account of R. Bhalla, Account No. 1623 (the "R. Bhalla Account"), during the referenced period of time.  Admitted that the spreadsheet attached to the Complaint as **Exhibit "A"** speaks for itself; otherwise denied.

24.     With respect to the amount transferred, the spreadsheet attached to the Complaint as **Exhibit "A"** speaks for itself; otherwise denied.  Further answered as follows:

   a.   Admitted that Creative Innovations transferred funds to the Joint Account during the referenced period of time.  With respect to the amount transferred, the spreadsheet attached to the Complaint as **Exhibit "A"** speaks for itself; otherwise denied.

b.  Admitted that Creative Innovations transferred $1,500.00 to the Joint Account via check.  Denied to the extent that the footnote to paragraph 24(b) of the Complaint calls for legal conclusions regarding the nature of the referenced transfers.

c.  Admitted that Creative Innovations transferred $148,550.00 to the R. Bhalla Account during the referenced period of time; otherwise denied.  Further denied to the extent that the footnote to paragraph 24(c) of the Complaint calls for legal conclusions regarding the nature of the referenced transfers.

25.  The Dissolution Order speaks for itself; otherwise denied.

26.  Admitted that A. Bhalla received transfers in the form of salary or wages during the referenced period of time; denied to the extent that paragraph 26 of the Complaint calls for legal conclusions regarding the nature of the transfers referenced above.

27.  Denied.  The referenced funds were transferred by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were for less than reasonably equivalent value.

28.  Denied.  The referenced funds were transferred by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were intended to frustrate, hinder, or delay creditors from collecting on the Final Judgment.

## TRANSFER OF SHARES OF CREATIVE
## FROM AMIT TO RENA ON SEPTEMBER 15, 2016

29.  Admitted that A. Bhalla's interest in the referenced shares became property of the bankruptcy estate; otherwise denied.

30.  Denied that A. Bhalla negotiated or corresponded with the Trustee other than through legal counsel.  The Defendants lack sufficient knowledge to form a belief with respect to whether A. Bhalla's legal counsel negotiated with the Trustee to "re-purchase his ownership in Creative."  At all times material, the Defendants intended to purchase A. Bhalla's interest in

Creative Innovations as tenants by the entirety.  The document attached to the Complaint as **Exhibit "B"** speaks for itself; otherwise denied.

      31.     Admitted that the document attached to the Complaint as **Exhibit "C"** speaks for itself; otherwise denied.

      32.     Admitted that the document attached to the Complaint as **Exhibit "C"** speaks for itself; otherwise denied.

      33.     Denied.  See answers to paragraph 30, above.

      34.     Denied.  The Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, at or around the time that they tendered payment to the Trustee on or about April 27, 2016.  Further denied that the document attached to the Complaint as **Exhibit "D"** evidences a transfer; any transfer of the shares occurred by operation of law on or around April 27, 2016.

      35.     Denied that the Assignment[1] constituted a transfer.  Pleading in the alternative, to the extent that the Assignment constituted a transfer, such transfer was in exchange for reasonably equivalent value provided by A. Bhalla and R. Bhalla in connection the acquisition of the shares on or around April 27, 2016.

      36.     Denied that the Assignment constituted a transfer.  Further denied A. Bhalla committed any transfers to frustrate, hinder, and/or delay creditors, including Plaintiffs.

      37.     Denied.  The referenced shares are owned by the Defendants as tenants by the entirety.  Further denied to the extent that paragraph 37 of the Complaint calls for legal conclusions and, therefore, no response is necessary.

---

[1] All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Complaint.

**COUNT I – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.105(1)(a)**
**(Against Rena Mehta Bhalla for the Rena Account Dividends)**

38.    Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 37 of the Complaint.

39.    The allegations of paragraph 39 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

40.    Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were intended to delay, hinder, or defraud creditors.

41.    Denied that A. Bhalla made such transfers, or that any such transfers were made with actual fraudulent intent.

   a.   Denied as legal conclusions.

   b.   Denied that A. Bhalla made the referenced transfers.  Admitted to the extent that A. Bhalla was served with process in Case No. 2:15-cv-01869-SVW-AJW, pending before the United States District Court for the Central District of California, Western Division (the "California Action"), on or around March 19, 2015.

   c.   Denied that A. Bhalla made the referenced transfers.  Admitted that A. Bhalla and R. Bhalla are married.

   d.   Denied.

   e.   Denied that A. Bhalla made the referenced transfers.  Further denied that the referenced transfers were for less than reasonably equivalent value.

    f.   Denied that A. Bhalla made the referenced transfers.  Further denied that the referenced funds constituted assets of A. Bhalla or that such funds represented a significant portion of A. Bhalla's assets.

    g.   Denied.

    h.   Denied.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 41 of the Complaint.

## COUNT II – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.105(1)(a)
**(Against Rena Mehta Bhalla and Amit Bhalla jointly for the Joint Account Dividends)**

42.    Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 37 of the Complaint.

43.    The allegations of paragraph 43 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

44.    Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were intended to delay, hinder, or defraud creditors.

45.    Denied that A. Bhalla made transfers, or that any such transfers were made with actual fraudulent intent.

    a.   (incorrectly numbered i in Complaint).  Denied as legal conclusions.

    b.   (incorrectly numbered j in Complaint).  Denied that A. Bhalla made the referenced transfers.  Admitted to the extent that A. Bhalla was not served with process in the California Action until at least March 19, 2015.

    c.    (incorrectly numbered k in Complaint).  Denied that A. Bhalla made the referenced transfers.  Further denied that the transfers were received by R. Bhalla; any transfers were received by the Defendants as tenants by the entirety.  Admitted that A. Bhalla and R. Bhalla are married.

    d.    (incorrectly numbered l in Complaint).  Denied.

    e.    (incorrectly numbered m in Complaint).  Denied that A. Bhalla made the referenced transfers.  Further denied that the referenced transfers were for less than reasonably equivalent value.

    f.    (incorrectly numbered n in Complaint).  Denied that A. Bhalla made the referenced transfers.  Further denied that the referenced funds constituted assets of A. Bhalla or that such funds represented a significant portion of A. Bhalla's assets.

    g.    (incorrectly numbered o in Complaint).  Denied.

    h.    (incorrectly numbered p in Complaint).  Denied.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 45 of the Complaint.

## COUNT III – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.105(1)(b)
### (Against Rena Mehta Bhalla for the Rena Account Dividends)

46.    Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 37 of the Complaint.

47.    The allegations of paragraph 47 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

48.    Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were not for reasonably equivalent value.

49.    Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that A. Bhalla reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 49 of the Complaint.

### COUNT IV – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.105(1)(b)
### (Against Rena Mehta Bhalla and Amit Bhalla jointly for the Joint Account Dividends)

50.    (incorrectly numbered 46 in Complaint).  Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 37 of the Complaint.

51.    (incorrectly numbered 47 in Complaint).  The allegations of incorrectly numbered paragraph 47 of the Complaint call for legal conclusions and, therefore, no response is necessary. Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

52.    (incorrectly numbered 48 in Complaint).  Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were not for reasonably equivalent value.

53.    (incorrectly numbered 49 in Complaint).  Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that A. Bhalla reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 53 (incorrectly numbered 49) of the Complaint.

### COUNT V – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.106(1)
### (Against Rena Mehta Bhalla for the Rena Account Dividends)

54.    (incorrectly numbered 50 in Complaint).  Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 37 of the Complaint.

55.     (incorrectly numbered 51 in Complaint).  The allegations of incorrectly numbered paragraph 51 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

56.     (incorrectly numbered 52 in Complaint).  Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were not for reasonably equivalent value.

57.     (incorrectly numbered 53 in Complaint).  Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that A. Bhalla was insolvent at the time of the referenced transfers, or that A. Bhalla became insolvent as a result of the referenced transfers.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 57 (incorrectly numbered 53) of the Complaint.

## COUNT VI – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.106(1)
### (Against Rena Mehta Bhalla and Amit Bhalla jointly for the Joint Account Dividends)

58.     (incorrectly re-numbered 50 in Complaint).  Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 28 of the Complaint.

59.     (incorrectly re-numbered 51 in Complaint).  The allegations of incorrectly re-numbered paragraph 51 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

60.     (incorrectly re-numbered 52 in Complaint).  Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that the referenced transfers were not for reasonably equivalent value.

61.     (incorrectly re-numbered 53 in Complaint).  Denied.  The referenced transfers were made by Creative Innovations; not by A. Bhalla.  Further denied that A. Bhalla was insolvent at the time of the referenced transfers, or that A. Bhalla became insolvent as a result of the referenced transfers.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 61 (incorrectly re-numbered 53) of the Complaint.

## COUNT VII – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.105(1)(a)
**(Against Rena Mehta Bhalla and Amit Bhalla, jointly, for the transfer of the shares resulting from the assignment)**

62.     (incorrectly numbered 54 in Complaint).  Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 22 and 29 through 37 of the Complaint.

63.     (incorrectly numbered 55 in Complaint).  The allegations of incorrectly numbered paragraph 55 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

64.     (incorrectly numbered 56 in Complaint).   Denied. The Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, when they tendered payment to the Trustee on or about April 27, 2016.  Further denied that the document attached to the Complaint as **Exhibit "D"** evidences a transfer; any transfer of the shares occurred by operation of law on or around April 27, 2016.  Further denied that any transfer occurred with the actual intent to hinder, delay, or defraud creditors.

65.     (Incorrectly numbered 57 in Complaint).  Denied that A. Bhalla transferred the referenced shares, or that any such transfer was made with fraudulent intent.

     a.   Denied as legal conclusions.

b.  Denied that A. Bhalla transferred the referenced shares.  Admitted that A. Bhalla was served with process in the California Action on or around March 19, 2015.

c.  Denied that the referenced shares were transferred to R. Bhalla.  The referenced shares were transferred the Defendants as tenants by the entirety by operation of law on or about April 27, 2016.

d.  Denied.

e.  Denied that A. Bhalla transferred the referenced shares.  Further denied that the referenced shares were transferred for less than reasonably equivalent value.

f.  Denied that A. Bhalla transferred the referenced shares.  Further denied that the referenced shares constituted assets of A. Bhalla or that such shares represented a significant portion of A. Bhalla's assets.

g.  Denied.

h.  Admitted that the referenced shares and proceeds thereof are exempt from execution by Plaintiffs; otherwise denied.

i.  Denied.

66.    (incorrectly re-numbered 54 in Complaint).  Admitted that the referenced shares and proceeds thereof are owned by Defendants as tenants by the entirety; otherwise denied.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 66 (incorrectly re-numbered 54) of the Complaint.

**COUNT VIII – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.105(1)(b)**
**(Against Rena Mehta Bhalla and Amit Bhalla, jointly, for the transfer of the shares**
**resulting from the assignment)**

67.    (incorrectly numbered 58 in Complaint).  Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 22 and 29 through 37 of the Complaint.

68.    (incorrectly numbered 59 in Complaint).  The allegations of incorrectly numbered paragraph 59 of the Complaint call for legal conclusions and, therefore, no response is necessary. Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

69.    (incorrectly numbered paragraph 60 in Complaint).  Denied. The Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, when they tendered payment to the Trustee on or about April 27, 2016.  Further denied that the document attached to the Complaint as **Exhibit "D"** evidences a transfer; any transfer of the shares occurred by operation of law on or around April 27, 2016.  Further denied that any transfer of the shares was for less than reasonably equivalent value.

70.    (incorrectly numbered 61 in Complaint).  Denied. The Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, when they tendered payment to the Trustee on or about April 27, 2016.  Further denied that the document attached to the Complaint as **Exhibit "D"** evidences a transfer; any transfer of the shares occurred by operation of law on or around April 27, 2016.  Further denied that A. Bhalla reasonably should have believed that he would incur debts beyond his ability to pay as they became due at the time of any such transfer.

71.    (incorrectly re-numbered 62 in Complaint).  Admitted that the referenced shares and proceeds thereof are owned by Defendants as tenants by the entirety; otherwise denied.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 71 (incorrectly re-numbered 62) of the Complaint.

**COUNT IX – FRAUDULENT TRANSFER PURSUANT TO FLA. STAT. § 726.106(1)**
**(Against Rena Mehta Bhalla and Amit Bhalla, jointly, for the transfer of the shares resulting from the assignment)**

72.    (incorrectly re-numbered 54 in Complaint).  Defendants re-allege and specifically incorporate herein by reference their answers to paragraphs 1 through 22 and 29 through 37 of the Complaint.

73.    (incorrectly re-numbered 55 in Complaint).   The allegations of incorrectly numbered paragraph 55 of the Complaint call for legal conclusions and, therefore, no response is necessary.  Further denied to the extent that the Final Judgment was not entered until August 18, 2017.

74.    (incorrectly re-numbered 56 in Complaint).   Denied. The Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, when they tendered payment to the Trustee on or about April 27, 2016.  Further denied that the document attached to the Complaint as **Exhibit "D"** evidences a transfer; any transfer of the shares occurred by operation of law on or around April 27, 2016.  Further denied that any such transfer was for less than reasonably equivalent value.

75.    (incorrectly re-numbered 57 in Complaint).   Denied. The Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, when they tendered payment to the Trustee on or about April 27, 2016.  Further denied that the document attached to the Complaint as **Exhibit "D"** evidences a transfer; any transfer of the shares occurred by operation of law on or around April 27, 2016.  Further denied that A. Bhalla was

insolvent at the time of the alleged transfer, or that A. Bhalla became insolvent as a result of the alleged transfer.

Defendants deny that Plaintiffs are entitled to any relief requested in the WHEREFORE paragraph immediately following paragraph 75 (incorrectly re-numbered 57) of the Complaint.

## GENERAL DENIAL

Defendants deny any allegation in the Complaint not explicitly admitted.

## JURY TRIAL

Defendants request a jury trial on all claims so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses and other defenses to the Complaint, without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim with respect to Counts I – VI of the Complaint.  The alleged transfers were made by a non-debtor, Creative Innovations; not by the alleged debtor, A. Bhalla.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim with respect to Counts VII – IX of the Complaint. The alleged transfer of the Creative Innovations shares was made by a non-debtor, the Trustee, on or around April 27, 2016; not by the alleged debtor, A. Bhalla.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim with respect to Counts I, II, and VII. The Plaintiffs have not alleged the circumstances surrounding the alleged actual fraudulent transfers with the particularity required by Federal Rule of Civil Procedure 9(b). Moreover, the Defendants lacked the scienter, knowledge, or intent to commit a fraudulent transfer.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim with respect to Counts V, VI, and IX. A. Bhalla was not insolvent under the balance sheet test, or any other method for determining insolvency, at the time of the alleged transfers.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim with respect to Counts III, IV, and VIII. A. Bhalla did not intend to incur or reasonably believe that he would incur debts beyond his ability to pay as they came due at the time of the alleged transfers.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the Defendants received the transfers alleged in Counts I, II, and VII, the Defendants received such transfers in good faith and for reasonably equivalent value. Alternatively, the Defendants were subsequent transferees of the transfers alleged in Counts I, II, and VII.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the Defendants received any transfers alleged in Counts I-IX, and to the extent that any such transfers are determined to have constituted fraudulent transfers, such transfers were necessarily for the benefit of the alleged debtor, A. Bhalla; not R. Bhalla, and any money judgment awarded under Section 726.109(2)(a) of the Florida Statutes should be limited to A. Bhalla.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Defendants received any transfers alleged in Counts I-IX, and to the extent that any such transfers are determined to have constituted fraudulent transfers, the Defendants were good faith transferees who took for value.

## NINTH AFFIRMATIVE DEFENSE

To the extent that a judgment is entered under Section 726.109(2) of the Florida Statutes, the judgment must be adjusted and reduced based on the equities of this case.

## TENTH AFFIRMATIVE DEFENSE

To the extent that either of the Defendants are determined to have received fraudulent transfers, the Defendants were good faith transferees and, for that reason, are entitled, to the extent of value given, to retain any assets that were transferred and/or to a reduction in the amount of the liability for such transfers.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that A. Bhalla is determined to have committed any of the transfers alleged in Counts III, IV, V, VI, VIII, and IX, R. Bhalla and/or the Defendants gave value in exchange for such transfers, and such value was reasonably equivalent to the amount of the transfers.  In particular, any transfers were to secure or satisfy antecedent debts of the Defendants, and/or were

used for family and household purposes that were intended to and occurred contemporaneous and substantially contemporaneous with such transfers.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the Defendants received any fraudulent transfers, the proceeds of such transfers constitute exempt wages that cannot be garnished pursuant to Section 222.11 of the Florida Statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to Counts I-VI, the funds allegedly transferred were earmarked for purposes of paying an antecedent debt of the Defendants.  Because the referenced funds were earmarked for such purposes, any transfers of such funds did not diminish the assets of the alleged debtor, A. Bhalla.

## FOURTEENTH AFFIRMATIVE DEFENSE

The amount of any money judgment based on the alleged transfer of the Creative Innovations shares cannot exceed the amount paid for such shares pursuant to the *Order Granting Trustee's Report and Notice of Intention to Sell Property of the Estate* (the "Order Approving Report") (Doc. No. 71).

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred under the doctrine of unilateral mistake.  To the extent that the transfer of Creative Innovations shares is avoidable, such transfer occurred as a result of a mistake that did not result from an inexcusable lack of care or otherwise result in a material change in circumstance sufficient to preclude rescission or reformation of the contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred under the doctrine of mutual mistake.  To the extent that the transfer of Creative Innovations shares is avoidable, the parties to the transfer were mistaken about the form of the transaction and the Defendants did not agree to bear the risk of mistake.

## COUNTERCLAIM

Defendants/Counter-Plaintiffs, Amit Bhalla and Rena Mehta Bhalla ("Counter-Plaintiffs"), by and through undersigned counsel, allege the following counterclaims against Plaintiffs/Counter-Defendants, China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB"), and Dish Network, LLC ("Dish") (collectively, "Counter-Defendants").   In support, Counter-Plaintiffs allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Amit Bhalla (the "Debtor") is an individual who resides in Hillsborough County, Florida.

2.      Rena Mehta Bhalla is an individual who resides in Hillsborough County, Florida.

3.      CCTV is, upon information and belief, a foreign corporation with a principal place of business in China.

4.      CICC is, upon information and belief, a foreign corporation with a principal place of business in China

5.      TVB is, upon information and belief, a California corporation with a principal place of business in Norwalk, California.

6.      Dish is a Colorado limited liability company with a principal place of business in Engelwood, Colorado.

7.      This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the general order of reference entered by the United States District Court for the Middle District of Florida.

8.      This is a non-core proceeding that the Court is authorized to hear under 28 U.S.C. § 157(c)(1).  The Counter-Plaintiffs consent to have this proceeding determined through entry of a final order or judgment pursuant to 28 U.S.C. § 157(c)(2).

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

## GENERAL ALLEGATIONS

10.     The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on or about January 13, 2016 (the "Petition Date").

11.     The Chapter 7 Trustee assigned to the Debtor's bankruptcy case was Douglas Menchise (the "Trustee").

12.     At all times material, the Debtor and Rena Mehta Bhalla have been legally married pursuant to applicable non-bankruptcy law.

13.     The Debtor's Amended Schedule C, filed on March 11, 2016, listed among other property, a 50% interest in Creative Innovation Solutions, Corp. ("Creative Innovations") (Doc. No. 26).

14.     On April 27, 2016, the Debtor and his wife tendered a check from their joint martial checking account at Citibank, N.A. (account number ending in 0027, referred to herein as the "Joint Account") to the Trustee in the amount of $43,000.75 (the "Check").  A true and correct copy of the Check is attached to the Complaint at Exhibit "B."

15.     Of the $43,000.75 tendered to the Trustee pursuant to the Check written on the Joint Account, approximately $30,000.00 was contributed to the Joint Account from an account titled in the name of the Debtor's wife (account number ending in 1623).

16.     The Trustee deposited the Check on or about May 4, 2016.

17.     On May 4, 2016, the Trustee filed a Report and Notice of Intention to Sell Property of the Estate (Doc. No. 42) (the "Report"), which proposed to sell the estate's interest in certain personal property, including the Creative Innovations shares, to the Debtor for $16,000.75.

18.     On May 18, 2016, the Debtor and the Trustee filed a Joint Motion to Approve Compromise of Controversy Between the Trustee and Debtor (Doc. No. 44) (the "9019 Motion"), pursuant to which the Debtor and Mr. Menchise agreed to resolve an alleged claim for fraudulent transfer in exchange for a payment to of $27,000.00.

19.     On July 7, 2016, the Court entered an Order Granting Joint Motion to Compromise Controversy Between the Trustee and the Debtor (Doc. No. 57) (the "Order Approving Compromise"), pursuant to which the Court granted the 9019 Motion and authorized the Trustee to accept $27,000.00 from the Debtor in full and complete settlement of possible causes of action the Trustee may have "against the Debtor and his non-debtor spouse."

20.     On September 15, 2016, the Court entered an Order Granting Trustee's Report and Notice of Intention to Sell Property of the Estate (the "Order Approving Report") (Doc. No. 71), pursuant to which the Court authorized the proposed sales of property set forth in the Report for $16,000.75.

21.     Subsequent to September 15, 2016, the Debtor executed a document titled "Assignment" purporting to assign his interest in Creative Innovations to "Amit Bhalla and Rena C. Mehta, and (sic) husband and wife as joint tenants" effective September 15, 2016 (the

"Assignment").  A true and correct copy of the Assignment is attached to the Complaint as Exhibit
"D."

## COUNT I: DECLARATORY RELIEF
(Shares Acquired as Tenants by the Entirety)

22.    Counter-Plaintiffs re-allege and specifically incorporate herein by reference the
allegations set forth in paragraphs 1 - 21 above.

23.    This is an action for declaratory relief under Federal Rule of Bankruptcy Procedure
7001(9).

24.    At all times material, the Counter-Plaintiffs were legally married and intended to
and did in fact purchase the Creative Innovation shares and other personal property purportedly
purchased by the Debtor pursuant to the Order Approving Report as tenants by the entirety.

25.    Equitable title to the Creative Innovation shares and other property purportedly
purchased by the Debtor pursuant to the Order Approving Report passed to the Debtor and his
wife, as tenants by the entirety, by operation of law when the Debtor and his wife tendered the
Check to the Trustee on April 27, 2016 and/or when the Trustee deposited the Check on or about
May 4, 2016.

26.    Alternatively, equitable title to the Creative Innovation shares and other property
purportedly purchased by the Debtor pursuant to the Order Approving Report passed to the Debtor
and his wife, as tenants by the entirety, by operation of law when the Court entered the Order
Approving Report on September 15, 2016, which in turn authorized the Trustee to accept
$16,000.75 of the funds tendered by the Debtor and his wife, from joint marital funds, pursuant to
the Check that was tendered to and deposited by the Trustee on April 27, 2016 and May 4, 2016,
respectively.

27.    The foregoing transfer(s) of the Creative Innovation shares and other personal property were from the Trustee to the Debtor and his wife, as tenants by the entirety, as evidenced by the following unities:

a.    Unity of possession: the Counter-Plaintiffs simultaneously obtained control over the Creative Innovations shares;

b.    Unity of interest: the Counter-Plaintiffs acquired identical interests in the Creative Innovations shares;

c.    Unity of title: the Counter-Plaintiffs acquired title to the Creative Innovations shares pursuant to the same instrument;

d.    Unity of time: the Counter-Plaintiffs acquired title to the Creative Innovations shares at the same time;

e.    Unity of survivorship: the Counter-Plaintiffs own the Creative Innovations shares with rights of survivorship; and

f.    Unity of marriage: the Counter-Plaintiffs acquired the Creative Innovations shares while legally married.

28.    The Assignment did not constitute a transfer or conversion of the Creative Innovations shares, and instead merely memorialized the Counter-Plaintiffs' pre-existing ownership of the Creative Innovations shares as tenants bey the entirety

WHEREFORE, the Counter-Plaintiffs seek the entry of a judgment (1) declaring that the Creative Innovations shares and other personal property subject to the Order Approving Report were acquired by the Counter-Plaintiffs as tenants by the entirety; (2) the Creative Innovations shares and other referenced property are legally exempt pursuant to applicable non-bankruptcy law; (3) the Assignment of Creative Innovations shares evidenced at Exhibit "D" to the Complaint

did not constitute a transfer or conversion and, instead, merely evidenced or memorialized the prior transfer of the Creative Innovations shares from the Trustee to the Counter-Plaintiffs; and (4) for such additional and further relief as is just and proper.

## COUNT II: DECLARATORY RELIEF
(Shares Acquired in Constructive Trust)

29.     Counter-Plaintiffs re-allege and specifically incorporate herein by reference the allegations set forth in paragraphs 1 - 21 above.

30.     This is an action for declaratory relief under Federal Rule of Bankruptcy Procedure 7001(9).

31.     At all times material, the Counter-Plaintiffs were legally married and intended to and did in fact purchase the Creative Innovation shares and other personal property purportedly purchased by the Debtor pursuant to the Order Approving Report with joint marital funds.

32.     The Counter-Plaintiffs purchased the Creative Innovations shares with the express and implied understanding that such shares were being acquired with joint marital funds and that the shares would constitute joint marital property.

33.     The Debtor and his wife, while legally married, transferred joint marital funds, specifically money, in reliance on the foregoing.

34.     Consequently, pleading in the alternative, any determination that the transfer of Creative Innovations shares evidenced by the Assignment constituted an avoidable transfer or conversion would unjustly deprive Rena Mehta Bhalla of an interest in property that she acquired using joint marital funds.

WHEREFORE, the Counter-Plaintiffs seek the entry of a judgment (1) declaring that, to the extent necessary, the Creative Innovations shares were acquired in constructive trust for the

benefit of the Counter-Plaintiffs; (2) imposing such a constructive trust to the extent necessary to prevent unjust enrichment; and (3) for such additional and further relief as is just and proper.

## COUNT III: REFORMATION

35.    Counter-Plaintiffs re-allege and specifically incorporate herein by reference the allegations set forth in paragraphs 1 - 21 above.

36.    This is an action for reformation under Florida law.

37.    At all times material, the Counter-Plaintiffs were legally married and intended to purchase the Creative Innovation shares and other personal property purportedly purchased by the Debtor pursuant to the Order Approving Report as tenants by the entirety.

38.    Pleading in the alternative, due to a mutual mistake among the Counter-Defendants and the Trustee, the shares were transferred to the Debtor, individually, and the transfer of shares from the Trustee to the Debtor, individually, does not express the parties' true agreement.

WHEREFORE, the Counter-Plaintiffs seek the entry of a judgment (1) reforming the transaction between the Trustee and the Debtor to reflect that the transfer of the Creative Innovations shares was to the Counter-Plaintiffs; and (2) for such additional and further relief as is just and proper

DATED this 26th day of August 2019.

Respectfully submitted,

*/s/ Erik Johanson*
David S. Jennis / Florida Bar No. 775940
Erik Johanson / Florida Bar No. 106417
**Jennis Law Firm**
606 E. Madison St.
Tampa, FL 33602
(813) 229-2800
ejohanson@jennislaw.com
ecf@jennislaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via electronic transmission through the Court's CM/ECF system on this 26th day of August 2019.


                                                      /s/  *Erik Johanson*
                                                      Erik Johanson