IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AMIT BHALLA                                            CASE NO. 8:16-bk-00265- RCT

    Debtor.                                            Chapter 7

_____/

CHINA CENTRAL TELEVISION, CHINA
INTERNATIONAL COMMUNICATIONS
CO., LTD., TVB HOLDINGS (USA), INC.,
and DISH NETWORK L.L.C.,                               Adv. Proceeding No. 8:16-ap-00285- RCT

    Creditors,

v.

AMIT BHALLA

    Debtor.

_____/

## NOTICE OF TAKING DEPOSITION *DUCES TECUM*

China Central Television, China International Communications Co., Ltd., TVB Holdings

(USA) Inc., and DISH Network LLC, by and through its attorneys, will depose the following:

| NAME | DATE/TIME | PLACE |
|------|-----------|-------|
| **Rena Bhalla** | **March 25, 2020 at 2:00 PM** | **Jennis Law Firm 606 East Madison Street Tampa, FL 33602** |

The deposition is pursuant to Bankruptcy Rule 7030 and Fed. R. Civ. P. 30, and will be

taken before an officer authorized to record the testimony.  The deposition will be taken by

audiovisual and stenographic means.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of this Court

The deponent is further requested to produce, on or before March 15, 2020, all of the documents described on the attached **Schedule**.

Respectfully Submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail:  ggrossman@sequorlaw.com
          dcoyle@sequorlaw.com

By:    */s/ Gregory S. Grossman*
       Gregory S. Grossman
       Florida Bar No. 896667
       Daniel M. Coyle
       Florida Bar No. 0055576

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on February 27, 2020.

*/s/ Gregory S. Grossman*
Gregory S. Grossman

2

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Douglas N Menchise    Dmenchise@verizon.net, FL57@ecfcbis.com
- Suzy Tate    suzy@suzytate.com, assistant@suzytate.com; cbrouss@suzytate.com; assistant@ecf.courtdrive.com; suzytate1234@gmail.com; suzy-tate-suzy-tate-pa-7461@ecf.pacerpro.com

### Manual Notice List

- (No manual recipients)

SEQUOR LAW, P.A.

# SCHEDULE

## DEFINITIONS

A.      "And" and "or" are used as terms of inclusion, not exclusion.

B.      "Any" means "all" and vice versa.

C.      "Creative Innovation" means Creative Innovation Solutions Corp.

D.      "Communication(s)" means any oral, written or electronic transmission of information, including, but not limited to, ESI, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, notes documents or memoranda.

E.      "Document" means and includes, without limitation, any kind of written, typewritten, printed, recorded material or ESI whatsoever, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage device or memory, or other media or data compilation from which information may be obtained, including accounts, address books, addenda, agreements, albums, articles, bank statements, blueprints, books, calendars, charts, checks (both front and reverse sides), contracts, correspondence, declarations of trusts, deeds, deposit receipts, diagrams, diaries, disks, drafts, films, forms, instruments of conveyance or for other purposes, invoices, journals, ledgers, letters, lists, logs, mailgrams, maps, memoirs, memoranda, minutes, motion pictures, notations, notebooks, notes, notices, photographs, plans, pleadings, other writings filed with any court, powers of attorney, promissory notes, proofs of delivery, purchase orders, recordings, records, registers, schedules, sound recordings, summaries, telexes, working papers, writings, and all other material, whether in draft form or not, and whether a copy or an original.  The term "document" shall further mean any letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, and shall mean the original of any document as defined above, if available, or to a clear and legible copy thereof, if not available, as well as to any copies or drafts that have any notations of any sort, whether typed, printed, handwritten, or otherwise inscribed, which notations are not present on the original.

F.      "Your" means Rena Bhalla.

G.      The phrases "relating to" "pertaining to" "regarding" or "reflecting" means, without limitation, related to, pertain to, reflect, constituting, discussing, covering, concerning, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

SEQUOR LAW, P.A.

H.      In the event You claim that any Document requested is unavailable, lost, misplaced, or destroyed, state the following:

1. The date You believe such writing became unavailable, lost, misplaced, or destroyed; and

2. The reason why such writing became misplaced, lost, or destroyed.

I.      In the event that You seek to withhold any Document on the basis that is properly entitled to some privilege or limitation, please provide the following information:

1. A list identifying each Document for which you believe a limitation exists;

2. The name of each author, writer, sender, or initiator of such Document or thing, if any;

3. The name of each recipient, addressee or party for whom such Document or thing was intended, if any;

4. The date of such Document, if any, or an estimate thereof so indicated if no date appears on the Document;

5. The general subject matter as described in such Document, or, if no such description appears, then such other description sufficient to identify said Document; and

6. The claimed grounds for withholding the Document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

J.      For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated.

K.      Documents maintained in electronic form must be produced in their native electronic form with all metadata intact. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related Documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems' provide all responsive emails and' if applicable, email attachments and any related Documents in TIFF format.

## DOCUMENTS REQUESTED
### (only to the extent not previously produced)

1. All documents supporting your contention in paragraph 27. of your Answer and Affirmative Defenses that "the referenced funds were transferred by Creative Innovations and not by A. Bhalla."

2. All documents supporting your contention in paragraph 27. of your Answer and Affirmative Defenses denying "that the referenced transfers were for less than reasonably equivalent value."

3. All documents supporting your contention in paragraph 34. of your Answer and Affirmative Defenses that "Defendants acquired equitable title to the bankruptcy estate's interest in Creative Innovations, as tenants by the entirety, at or around the time that they tendered payment to the Trustee on or about April 27, 2016."

4. All documents supporting your contention in paragraph 34. of your Answer and Affirmative Defenses denying "that the document attached to the Amended Complaint as Exhibit "D" evidences a transfer."

5. All documents supporting your contention in paragraph 35. of your Answer and Affirmative Defenses that the Assignment "was in exchange for reasonably equivalent value provided by A. Bhalla and R. Bhalla in connection the acquisition of the shares on or around April 27, 2016."

6. All documents supporting your contention in paragraph 41.f. of your Answer and Affirmative Defenses denying "that the referenced funds constituted assets of A. Bhalla or that such funds represented a significant portion of A. Bhalla's assets."

7. All documents supporting your contention in paragraph 49. of your Answer and Affirmative Defenses denying "that A. Bhalla reasonably should have believed that he would incur debts beyond his ability to pay as they became due."

8. All documents supporting your contention in paragraphs 57. and 61. of your Answer and Affirmative Defenses denying "that A. Bhalla was insolvent at the time of the referenced transfers, or that A. Bhalla became insolvent as a result of the referenced transfers."

9. All documents supporting your contention in paragraph 65.f. of your Answer and Affirmative Defenses denying that "the referenced shares constituted assets of A. Bhalla or that such shares represented a significant portion of A. Bhalla's assets."

10. All documents supporting your contention in your Second Affirmative Defense that "the alleged transfer of the Creative Innovations shares was made by a non-debtor, the Trustee, on or around April 27, 2016."

SEQUOR LAW, P.A.

11. All documents supporting your contention in your Fourth Affirmative Defense that "A. Bhalla was not insolvent under the balance sheet test, or any other method for determining insolvency, at the time of the alleged transfers."

12. All documents supporting your contention in your Sixth Affirmative Defense that "to the extent that the Defendants received the transfers alleged in Counts I, II, and VII, the Defendants received such transfers in good faith and for reasonably equivalent value."

13. All documents supporting your contention in your Sixth Affirmative Defense that "the Defendants were subsequent transferees of the transfers alleged in Counts I, II, and VII."

14. All documents supporting your contention in your Seventh Affirmative Defense that "such transfers were necessarily for the benefit of the alleged debtor, A. Bhalla; not R. Bhalla, and any money judgment awarded under Section 726.109(2)(a) of the Florida Statutes should be limited to A. Bhalla."

15. All documents supporting your contention in your Eighth Affirmative Defense "that the Defendants were good faith transferees who took for value."

16. All documents regarding the equities of this case by which the judgment must be adjusted and reduced, as stated in your Ninth Affirmative Defense.

17. All documents supporting your contention in your Tenth Affirmative Defense that "the Defendants were good faith transferees and, for that reason, are entitled, to the extent of value given, to retain any assets that were transferred and/or to a reduction in the amount of the liability for such transfers."

18. All documents supporting your contention in your Eleventh Affirmative Defense that "R. Bhalla and/or the Defendants gave value in exchange for such transfers, and such value was reasonably equivalent to the amount of the transfers."

19. All documents evidencing the "antecedent debts" referred to in your Eleventh Affirmative Defense.

20. All documents supporting your contention in your Twelfth Affirmative Defense that the transfers constitute "exempt wages that cannot be garnished pursuant to Section 222.11 of the Florida Statutes."

21. All documents supporting your contention in your Thirteenth Affirmative Defense that "the referenced funds were earmarked for" "purposes of paying an antecedent debt of the Defendants", such that "any transfers of such funds did not diminish the assets of the alleged debtor, A. Bhalla."

SEQUOR LAW, P.A.

22. All documents supporting your contention in your Fourteenth Affirmative Defense that any money judgment based on the alleged transfer of the Creative Innovations shares cannot exceed the amount paid for such shares pursuant to the *Order Granting Trustee's Report and Notice of Intention to Sell Property of the Estate* (the "Order Approving Report") (Doc. No. 71).

23. All documents supporting your contention in your Fifteenth Affirmative Defense that "the Plaintiffs' claims are barred under the doctrine of unilateral mistake."

24. All documents supporting your contention in your Sixteenth Affirmative Defense that "the Plaintiffs' claims are barred under the doctrine of mutual mistake."

25. All documents supporting your contention in paragraph 24. of your Counterclaim that Counter-plaintiffs "intended to and did in fact purchase the Creative Innovation shares and other personal property purportedly purchased by the Debtor pursuant to the Order Approving Report as tenants by the entirety."

26. All documents supporting your contention in paragraph 26. of your Counterclaim that "equitable title to the Creative Innovation shares and other property purportedly purchased by the Debtor pursuant to the Order Approving Report passed to the Debtor and his wife, as tenants by the entirety, by operation of law when the Court entered the Order Approving Report on September 15, 2016."

27. All documents supporting your contention in paragraph 32 that "Counter-Plaintiffs purchased the Creative Innovations shares with the express and implied understanding that such shares were being acquired with joint marital funds and that the shares would constitute joint marital property."

28. All documents supporting your contention in paragraph 32 that "Counter-Plaintiffs were legally married and intended to purchase the Creative Innovation shares and other personal property purportedly purchased by the Debtor pursuant to the Order Approving Report as tenants by the entirety."

29. All documents sufficient to reflect all dividends payable and/or paid to Amit Bhalla and/or Rena Bhalla from Creative Innovation Solutions, Inc. from the period of October 31, 2019 to the present.

30.   All US Income Tax Returns (Form 1120-S) for Creative Innovation for tax years 2015, 2016, 2017, 2018, 2019 (2019 when available).

31.   All Profit & Loss Statements for Creative Innovation for the following fiscal years: 2015, 2016, 2017, 2018, 2019 in cash basis.

32.   All Profit & Loss Statements for Creative Innovation for the following fiscal years: 2015, 2016, 2017, 2018, 2019 in accrual basis.

SEQUOR LAW, P.A.

33.     Company Profit & Loss Statements from January 1, 2016 through August 31, 2016 in cash basis.

34.     Company Profit & Loss Statements from January 1, 2016 through August 31, 2016 in accrual basis.

35.     All Balance Sheets of Creative Innovation as of December 31st for each of the following years: 2015, 2016, 2017, 2018, 2019.

36.     The Balance Sheet for Creative Innovation as of September 15, 2016.

37.     The Accounts Receivable Aging Report for Creative Innovation as of September 15, 2016.

38.     The Accounts Receivable Aging Report for Creative Innovation as of December 31, 2019.

39.     All wage report(s) of the salaries & wages compensation details, including expenses classified under "Officer's Compensation" or " Guarantee to Partners" or "Salaries & Wages" or "1099 payments," for each shareholder, officer, and family member of the shareholders and officers who is actively involved in the business.

40.     The general ledger/accounting books and records for Creative Innovation for the period from May 27, 2014 to the present, whether in Excel, Lotus, Microsoft Money, Quickbooks, Quicken format or any other money management computer program.

SEQUOR LAW, P.A.