UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AMIT BHALLA,                                             Case No.: 8:16-bk-00265-RCT
                                                                      Chapter 7
    Debtor.
_____/

CHINA CENTRAL TELEVISION,
*et al.*,

    Plaintiffs,                                         Adv. Pro.: 8:16-ap-00285-RCT

v.

AMIT BHALLA and RENA MEHTA
BHALLA,

    Defendants.
_____/

## OBJECTIONS TO RULE 45 SUBPOENA ISSUED TO NON-PARTY, CREATIVE INNOVATION SOLUTIONS CORP.

Non-Party, Creative Innovation Solutions Corp. ("Creative"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "Subpoena") served on Creative by Plaintiffs, China Central Television, *et al.* ("Plaintiffs"). In support, Creative states as follows:

### GENERAL OBJECTIONS

A.    Creative objects to those requests that inquire into matters protected from disclosure by the attorney/client privilege or the attorney work product privilege.

1

B. Creative objects specifically to certain discovery requests for the reason after each request.

C. Creative objects to those discovery requests that seek information which is in the Plaintiffs' possession and which Plaintiffs are in the best position to provide. Further, to the extent Creative agrees to produce responsive documents, Creative will only produce the documents in its possession and that are not subject to objections that may narrow the scope and time of objectionable document requests.

D. Creative reserves the right to supplement, alter, change, and amend or otherwise revise discovery responses which lack requisite specificity.

E. Creative objects to those requests that seek information, including documents, which are protected from disclosure or discovery by any and all applicable privileges, arising pursuant to state or federal law, to the full extent such objections may be asserted in this section.

F. Creative objects to those requests that seek information that would be overly broad and unduly burdensome for Creative to obtain, compile, or otherwise create.

G. The foregoing objections are hereby specifically incorporated into all the following responses, whether or not restated therein, and the fact that Creative has provided a response does not waive these or any other objection.

H. Creative objects to each Request to the extent the Request seeks information beyond the temporal period of January 1, 2015 through September 30, 2016.

## SPECIFIC RESPONSES AND/OR OBJECTIONS

1. All US Income Tax Returns (Form 1120-S) for Creative Innovation for tax years 2015, 2016, 2017, 2018, 2019 (2019 when available).

**Response:** Objection. Creative objects to this Request as (1) overbroad and unduly burdensome; (2) it seeks documents irrelevant or not related to the subject matter of this lawsuit;

(3) seeking materials outside the scope of discovery, and (4) seeking materials that reflect confidential and/or proprietary business information. In particular, Creative objects to this Request on the basis that the burden to Creative of having to produce its Federal Income Tax Returns is outweighed by any potential benefit that could result from the production of such materials, such that the Request is objectionable under Rules 26(b)(1) and 45(d)(1).

2. All Profit & Loss Statements for Creative Innovation for the following fiscal years:

2015, 2016, 2017, 2018, 2019 in cash basis.

**Response:** Objection. Creative objects to this Request as (1) overbroad and unduly burdensome; (2) it seeks documents irrelevant or not related to the subject matter of this lawsuit; (3) seeking materials outside the scope of discovery, and (4) seeking materials that reflect confidential and/or proprietary business information. Notwithstanding the foregoing objection, Creative will produce copies of its Profit & Loss statements for the 2015 and 2016 fiscal years as those statements are kept in the ordinary course of business upon entry into a mutually acceptable confidentiality agreement with Plaintiffs.

3. All Profit & Loss Statements for Creative Innovation for the following fiscal years:

2015, 2016, 2017, 2018, 2019 in accrual basis.

**Response:** See objections and responses to Request No. 2, above. Furthermore, Creative does not maintain Profit & Loss Statements in an accrual basis in the ordinary course of its business and, therefore, objects to this Request as seeking information that is not accessible because of undue burden or cost under Rule 26(b)(2)(B) and Rule 45(d)(1).

4. Company Profit & Loss Statements from January 1, 2016 through August 31, 2016

in cash basis.

**Response:** See objections and responses to Request Nos. 2 and 3, above. In addition, Creative did not create a Profit & Loss Statement for interim periods ending August 31, 2016 and the burden of creating such documents at this time is an undue hardship and, further, such creation would not reflect adjustments to financial results that were applied only at year-end.

5. Company Profit & Loss Statements from January 1, 2016 through August 31, 2016

in accrual basis.

**Response:** See objections and responses to Request Nos. 2, 3, and 4 above.

6. All Balance Sheets of Creative Innovation as of December 31st for each of the following years: 2015, 2016, 2017, 2018, 2019.

**Response:** Objection. Creative objects to this Request as (1) overbroad and unduly burdensome; (2) it seeks documents irrelevant or not related to the subject matter of this lawsuit; (3) seeking materials outside the scope of discovery, and (4) seeking materials that reflect confidential and/or proprietary business information. Notwithstanding the foregoing objection, Creative will produce copies of its Balance Sheets for the 2015 and 2016 fiscal years as those statements are kept in the ordinary course of business upon entry into a mutually acceptable confidentiality agreement with Plaintiffs.

7. The Balance Sheet for Creative Innovation as of September 15, 2016.

**Response:** See objections and responses to Request Nos. 4 and 6, above. Furthermore, Creative did not create a Balance Sheet in the ordinary course of its business on September 15, 2016 and, therefore, objects to this Request as seeking information that is not accessible because of undue burden or cost under Rule 26(b)(2)(B) and Rule 45(d)(1)

8. The Accounts Receivable Aging Report for Creative Innovation as of September 15, 2016.

**Response:** Objection. Creative objects to this Request as (1) overbroad and unduly burdensome; (2) it seeks documents that do not exist and are irrelevant or not related to the subject matter of this lawsuit; (3) seeking materials outside the scope of discovery, and (4) seeking materials that reflect confidential and/or proprietary business information. Furthermore, Creative did not create an Accounts Receivable Aging Report in the ordinary course of its business on September 15, 2016 and, therefore, objects to this Request as seeking information that is not accessible because of undue burden or cost under Rule 26(b)(2)(B) and Rule 45(d)(1).

9. The Accounts Receivable Aging Report for Creative Innovation as of December 31, 2019.

**Response:** See objections and responses to Request No. 8, above

10. All wage report(s) of the salaries & wages compensation details, including expenses classified under "Officer's Compensation" or "Guarantee to Partners" or "Salaries &

Wages" or "1099 payments," for each shareholder, officer, and family member of the shareholders and officers who is actively involved in the business.

**Response:** Objection. Creative objects to this Request as (1) overbroad and unduly burdensome; (2) it seeks documents irrelevant or not related to the subject matter of this lawsuit; (3) seeking materials outside the scope of discovery, and (4) seeking materials that reflect confidential and/or proprietary business and personal information. In particular, Creative objects to this Request on the basis that the burden to Creative and other third-persons of having to produce the request compensation, salary, guaranty, tax, and other wage-related information is outweighed by any potential benefit that could result from the production of such materials, such that the Request is objectionable under Rules 26(b)(1) and 45(d)(1). Notwithstanding the foregoing, Creative has already produced its bank statements and other documents reflecting transfers of money to Amit Bhalla and Rena Mehta Bhalla. In addition, the Profit and Loss Statements which will be provided reflect a line item for salaries and wages which show gross amounts paid to all employees.

11. The general ledger/accounting books and records for Creative Innovation for the period from May 27, 2014 to the present, whether in Excel, Lotus, Microsoft Money, Quickbooks, Quicken format or any other money management computer program.

**Response:** Objection. Creative objects to this Request as (1) overbroad and unduly burdensome; (2) it seeks documents irrelevant or not related to the subject matter of this lawsuit; (3) seeking materials outside the scope of discovery, and (4) seeking materials that reflect confidential and/or proprietary business information. In particular, Creative objects to this Request on the basis that the burden to Creative of having to produce its internal general ledger and associated books and records is outweighed by any potential benefit that could result from the production of such materials, such that the Request is objectionable under Rules 26(b)(1) and 45(d)(1). Further, Creative did not use any such software to manage its finances in 2015.

DATED this 10th day of March 2020.

*/s/ Rochelle Friedman Walk*
Rochelle Friedman Walk / FBN: 88877
**AEGIS LAW**
100 S. Ashley Drive, Suite 620
Tampa, Florida 33602
(813) 999-0199
Email: rwalk@aegislaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic transmission to all counsel of record system on this 10th day of March 2020.

                                                  */s/ Rochelle Friedman Walk*
                                                  Rochelle Friedman Walk