IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AMIT BHALLA       CASE NO. 8:16-bk-00265- RCT
    Debtor.      Chapter 7
_____/

CHINA CENTRAL TELEVISION, CHINA
INTERNATIONAL COMMUNICATIONS
CO., LTD., TVB HOLDINGS (USA), INC.,
and DISH NETWORK L.L.C.,      Adv. Proceeding No. 8:16-ap-00285- RCT
    Creditors,
v.

AMIT BHALLA
    Debtors.
_____/

CHINA CENTRAL TELEVISION, CHINA
INTERNATIONAL COMMUNICATIONS
CO., LTD., TVB HOLDINGS (USA), INC.,
and DISH NETWORK L.L.C.,
    Plaintiffs in execution,
v.

AMIT BHALLA and RENA MEHTA BHALLA
    Defendants.
_____/

**NOTICE OF SERVICE OF SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF
<u>PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)</u>**

China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc. and Dish Network L.L.C., pursuant Fed R. Bankr. P. 9016 and Fed. R. Civ. P. 45, hereby gives notice of serving the attached subpoena on March 24, 2020 or as soon thereafter as service may be effectuated on JPMorgan Chase Bank, N.A.

    Dated: March 24, 2020

                                                                     Respectfully submitted,

            SEQUOR LAW, P.A.
            *Counsel for the Foreign Representative*
            1111 Brickell Avenue,
            Suite 1250
            Miami, Florida 33131
            Telephone: 305-372-8282
            Facsimile: 305-372-8202
            Email: dcoyle@sequorlaw.com

        By: */s/ Daniel M. Coyle*
            Daniel M. Coyle
            Florida Bar No. 55576

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on March 24, 2020.

               */s/ Daniel Coyle*
               Daniel M. Coyle

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Rochelle Walk Friedman rochelle@walklawfirm.com, admin@walklawfirm.com
- Gregory S Grossman ggrossman@sequorlaw.com, ngonzalez@astidavis.com
- Andrew R Herron aherron@homerbonner.com, jyanes@homerbonner.com
- Erik Johanson ecf@jennislaw.com; Karon@jennislaw.com; ejohanson@jennislaw.com; aschaefer@jennislaw.com
- Douglas N Menchise Dmenchise@verizon.net, FL57@ecfcbis.com
- Jill Sarnoff Riola Jriola@carltonfields.com

### Manual Notice List

- (No manual recipients)

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

| | |
|---|---|
| AMIT BHALLA<br>    Debtor.<br>_____/ | CASE NO. 8:16-bk-00265- RCT<br>Chapter 7 |
| CHINA CENTRAL TELEVISION, CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., TVB HOLDINGS (USA), INC., and DISH NETWORK L.L.C.,<br>    Creditors,<br>v.<br>AMIT BHALLA<br>    Debtors.<br>_____/ | Adv. Proceeding No. 8:16-ap-00285- RCT |
| CHINA CENTRAL TELEVISION, CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., TVB HOLDINGS (USA), INC., and DISH NETWORK L.L.C.,<br>    Plaintiffs in execution,<br>v.<br>AMIT BHALLA and RENA MEHTA BHALLA<br>    Defendants.<br>_____/ | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A <u>BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)</u>**

To:    **JPMorgan Chase Bank, N.A.**
       **Records Custodian**
       **CT Corporation System**
       **1200 S Pine Island Rd.**
       **Plantation, FL 33324**

---

☒ *Production:* Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached **Schedule**.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

| **Place:** Sequor Law, P.A.<br>If produced electronically:<br>dcoyle@sequorlaw.com<br><br>If not produced electronically:<br>1111 Brickell Avenue, Suite 1250<br>Miami, FL 33131 | **Date and Time:**<br>April 23, 2020 |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so..

DATE:  March 24, 2020

                                                                                          */s/ Daniel M. Coyle*<br>                                                                                          *Attorney's Signature*

---

The name, address, e-mail address, and telephone number of the attorneys representing the Judgment Creditors of the above-named bankruptcy estate, who issue or request this subpoena, are: **Daniel M. Coyle (dcoyle@sequorlaw.com ); 1111 Brickell Ave., Ste. 1250, Miami, FL 33131; (305) 372-8282.**

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **SCHEDULE**

## **DEFINITIONS**

A. "You" or "your" means JPMorgan Chase Bank, N.A. and/or its respective agents acting within the scope of such agency.

B. "Accounts" means all accounts in the name of any customer, including, but not limited to, accounts ending in: (1) 5637; (2) 8237; (3) 5879; (4) 8703; (5) 6138; (6) 5799, and; (7) 0097.

C. "Document" or "Documentation" means all writings or stored data or information of any kind, in any form, including the originals and all non-identical copies, whether difference from the originals by reason of any notation(s) made on such copies or otherwise, including, without limitation: correspondence, items (as defined below) notes, letters, telegrams, minutes, certificates, diplomas, contracts, agreements, brochures, pamphlets, forms, scripts, reports, studies, statistics, inter-office and intra-office communications, training materials, analyses, memoranda, statements, summaries, drawings, graphs, charts, tests, plans, arrangements, tabulations, bulletins, newsletters, advertisements, computer printouts, teletype, telefax, microfilm, email, electronically stored information, price books and lists, , photographs, sound recordings, images, invoices, receipts, inventories' regularly kept summaries or compilations of business records, notations of any type of conversations, meetings, telephone or other communications, audio, and videotapes, electronic and/or mechanical records or representations of any kind (including without limitation tapes, cassettes, discs, magnetic tapes, hard drives, and recordings-to include each document translated, if necessary, through detection devices into reasonably usable form), and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation.

D. "Customer" refers to the entities or individuals with the following names, or similar variations thereof, as well as subsidiaries thereof or companies related thereto:

      1. CREATIVE INNOVATION SOLUTIONS CORP.

E. "Relevant Period" refers to the period from January 1, 2015 to December 31, 2016.

F. "JPMorgan Chase Bank, N.A." means JPMorgan Chase Bank, N.A., doing business as JPMorgan Chase Bank, N.A.or any other variation of the JPMorgan Chase name or brand. It also extends to any entity affiliated with or having a connection to any variation of the JPMorgan Chase Bank name or brand or any variation of the JPMorgan Chase name or brand.

G. "Items" means any checks, wire transfers, drafts or any other document evidencing a debit or credit from or to the Account, respectively, including any document memorializing any incoming or outgoing remittances, cash deposit, or withdrawal, including documentation such as SWIFT or any similar payment system, that is payable to or from any of the following or references any of the following.

  H.  "And" and "or" are used as terms of inclusion, not exclusion.

  I.  The term "any" means "all" and vice versa.

  J.  The singular shall be construed to include the plural, and vice versa.

  K.  The phrase "relating to" "pertaining to" or "reflecting" means, without limitation, related to, pertain to, reflect, constituting, discussing, covering, concerning, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

  L.  In the event You claim that any Document requested is unavailable, lost, misplaced, or destroyed, state the following:

  1.  The date You believe such writing became unavailable, lost, misplaced, or destroyed; and

  2.  The reason why such writing became misplaced, lost, or destroyed.

  M.  In the event that You seek to withhold any Document on the basis that is properly entitled to some privilege or limitation, please provide the following information:

  1.  A list identifying each Document for which you believe a limitation exists;

  2.  The name of each author, writer, sender, or initiator of such Document or thing, if any;

  3.  The name of each recipient, addressee or party for whom such Document or thing was intended, if any;

  4.  The date of such Document, if any, or an estimate thereof so indicated if no date appears on the Document;

  5.  The general subject matter as described in such Document, or, if no such description appears, then such other description sufficient to identify said Document; and

  6.  The claimed grounds for withholding the Document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

  N.  For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated.

  O.  If contend that production of Documents or other items required by this subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for

production may be aided by clarification of the request, contact <u>Daniel M. Coyle</u>, the issuer of this subpoena, to discuss possible amendments or modifications of the subpoena within five (5) days of receipt of same.

P. Documents maintained in electronic form must be produced in their native electronic form with all metadata intact. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related Documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems' provide all responsive emails and' if applicable, email attachments and any related Documents in TIFF format.

## DOCUMENTS REQUESTED

**TO THE EXTENT NOT PREVIOUSLY PRODUCED:**

1. All account statements during the Relevant Period, relating to any Customer.

2. Any and all other Documents and information in your possession related to any Customer, including but not limited to bank accounts records, signatories and/or ultimate beneficiaries, securities and any and all other financial products, and communications and correspondences, whether written or oral, between You and each Entity and/or Individual and/or their agents.

3. All account opening forms, signature cards, and other related 'know your customer' Documentation related to any Customer.

4. All Documents pertaining to all open or closed checking, savings, NOW, Time, money market, or other deposit or checking accounts in the name of or under signature authority of any Customer, during the Relevant Period, including but not limited to:

    a. Signature cards;
    b. Corporate board authorization minutes or partnership resolutions;
    c. Bank statements;
    d. Canceled checks;
    e. Deposit tickets;
    f. Items deposited;
    g. Credit and debit memos;
    h. Statements;
    i. Form 1099, 1089, or back-up withholding documents.

5. All Documents pertaining to open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by any Customer, during the Relevant Period, including but not limited to:

      a. Loan applications;
      b. Corporate board authorization minutes or partnership resolutions;
      c. Loan ledger sheets;
      d. Documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which loan repayments were made;
      e. Documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the loan proceeds;
      f. Loan correspondence files, including but not limited to:
          1. Letters to the bank;
          2. Letters from the bank;
          3. Notes, memoranda, etc. to the file;
      g. Collateral agreements and Documents;
      h. Credit reports;
      i. Financial statements;
      j. Notes or other instruments reflecting the obligation to pay;
      k. Real estate mortgages, chattel mortgages or other security instruments;
      l. Forms 1099, 1089 or back-up withholding documents;
      m. Loan amortization statements.

6. All Documents pertaining to Certificates of Deposit purchased or redeemed by any Customer, during the Relevant Period, including but not limited to:

      a. Copies of the certificates;
      b. Corporate board authorization minutes or partnership resolutions;
      c. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which CDS were purchased;
      d. Documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the proceeds of any negotiated CDS;
      f. Records reflecting interest earned, withdrawn or reinvested;
      g. Records reflecting roll-overs;
      h. Forms 1099, 1089 or back-up withholding documents.

7. Customer correspondence files for each of the Entities and/or Individuals.

8. All Documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any Customer, including but not limited to:

      a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
      b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursements of the proceeds of any negotiated checks or money orders;
      c. Applications for purchase of checks or money orders;
      d. Retained copies of negotiated checks or money orders.

9. All Documents pertaining to wire transfers sent or received by any Customer, including but not limited to:

   a. Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
   b. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the source of the funds wired out;
   c. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate disposition within the bank of the funds wired in;
   d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

10. All Documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of any Customer, including but not limited to:

    a. Contracts;
    b. Entry records.

11. All Documents pertaining to open or closed bank credit cards in the name of or under the signatory authority of any Customer, including but not limited to:

    a. Applications for credit;
    b. Corporate board authorization minutes or partnership resolutions;
    c. Credit reports;
    d. Monthly statements;
    e. Financial statements;
    f. Documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting payments on the account;
    g. Correspondence files.

12. Teller tapes reflecting all transactions between the bank and any Customer.

13. All Documents evidencing incoming deposits and/or outgoing remittances, including but not limited to checks, wire transfers, and Documentation such as SWIFT or any similar payment system, related to any Customer.

14. All debit and credit advices, including but not limited to internally prepared slips or similar other Documents related to any Customer.

15. Any and all Documents relating to any account(s) or banking activities related to any Customer.

16. Any and all cash received and delivered blotters, confirmation slips, and payments receipts of currency, check, wire and securities related to Customer.

17. All applications for credits related to any Customer.