IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| AMIT BHALLA<br>　　　Debtor.<br>_____/ | CASE NO. 8:16-bk-00265- RCT<br>Chapter 7 |
| CHINA CENTRAL TELEVISION, CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., TVB HOLDINGS (USA), INC., and DISH NETWORK L.L.C.,<br>　　　Creditors,<br>v. | Adv. Proceeding No. 8:16-ap-00285- RCT |
| AMIT BHALLA<br>　　　Debtors.<br>_____/ | |
| CHINA CENTRAL TELEVISION, CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., TVB HOLDINGS (USA), INC., and DISH NETWORK L.L.C.,<br>　　　Plaintiffs in execution,<br>v.<br>AMIT BHALLA and RENA MEHTA BHALLA<br>　　　Defendants.<br>_____/ | |

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO SERVE
EXPERT REPORTS *NUNC PRO TUNC* AUGUST 29, 2020 (ONE DAY LATE)**

# NOTICE OF OPPORTUNITY TO
# OBJECT AND REQUEST FOR HEARING

**If you object to the relief requested in this paper you must file a response with the Clerk of Court at Clerk, U.S. Bankruptcy Court, Middle District of Florida, Sam M. Gibbons Federal Courthouse, 801 N. Florida Ave. Suite 555, Tampa, FL 33602, and serve a copy on the movant's attorney, Daniel M. Coyle, 1001**

**Brickell Bay Drive, 9th Floor, Miami, Florida 33131 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.**

**If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.**

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Plaintiffs, China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB"), and Dish Network L.L.C. ("Dish") (collectively, the "Plaintiffs"), pursuant to Fed. R. Bankr. P. 7026, 9006 and 9013, Fed. R. Civ. P. 26 and L.R. 2002-4, 7001-1 and 9013-1, file this Motion for Enlargement of Time to Serve Expert Reports *Nunc Pro Tunc* August 29, 2020 (One Day Late), and states as follows:

1. Defendants have not indicated they will seek to strike Plaintiffs' experts. This motion is filed in an abundance of caution.

2. Plaintiffs filed a motion to initiate proceedings supplementary seeking leave to file a complaint in proceedings supplementary against Amit Bhalla and Rena Mehta Bhalla ("Defendants").

3. This Court granted the motion for proceedings supplementary on July 18, 2019 and deemed the copy of the complaint in proceedings supplementary filed as of this date. See Order Granting Plaintiff's Motion for Proceedings Supplementary (D.E. 143).

2

4.     On February 7, 2020, Plaintiffs and Defendants filed an agreed motion to extend all unexpired pre-trial deadlines by sixty (60) days, to reschedule the pretrial conference set for July 7, 2020 and to reset the trial currently set for July 23-24, 2020 (D.E. 185). This Court granted the motion on February 18, 2020 (D.E. 186).

5.     Pursuant to Plaintiffs' and Defendants' agreement, the Court again extended the pre-trial deadlines by ninety (90) days from the deadlines that were currently in place as previously extended by D.E. 186. See Order Continuing Trial and Reestablishing Deadlines (D.E. 215).

6.     Plaintiffs' expert disclosure deadline was Friday, August 28, 2020. Id. at 3. Due to an oversight by the undersigned, Plaintiffs did not send the required reports and Rule 26 disclosures (with a hyperlink to the expert reports and disclosures embedded in the email) 3:03 PM EDT the next day, Saturday August 29, 2020. See email attached hereto as **Exhibit "A"**.

7.     "[T]he exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party." Gomez v. Pagan, 2014 WL 11878588, at *1 (S.D. Fla. July 1, 2014).

8.     "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

9.     "Failure to timely make the required expert witness disclosures is harmless when the party entitled to the disclosure suffers no prejudice." Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc., 603CV1860ORL19KRS, 2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005) (report filed only four days late does not prejudice opposing party). See also OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1364 (11th Cir. 2008) (reversing trial

court's exclusion of expert where there was no claim that the passage of time affected the other party's ability to employ a rebuttal expert to the ability of its expert to conduct needed analysis); Ellison v. Windt, 2001 WL 118617, at *3 (M.D. Fla. Jan. 24, 2001) (denying motion to strike expert report and permitting disclosure of expert report twelve days after deadline because such late disclosure was harmless); Gomez 2014 WL 11878588, at *2 (denying motion to strike expert report where name and address of witness were disclosed twenty days late and because other party would have opportunity to depose the expert).

10. Here, as in these legal authorities, Defendants suffered no prejudice from the one-day-late disclosure. Plaintiffs' disclosure is complete and complies with Fed. R. Civ. P. 26(a) (2).

11. Additionally, permitting the same will not impact the relevant deadlines set forth in the Order Continuing Trial and Reestablishing Deadlines.

12. Defendants have the complete disclosure and the opportunity to obtain their own experts and to depose Plaintiffs' experts.

13. Therefore, the Court should grant this motion and permit the enlargement of time.

## CERTIFICATE OF COUNSEL

14. Counsel for Plaintiffs conferred with counsel for Defendants prior to filing this motion, but counsel for Defendants was not able to communicate Defendants' consent or opposition prior to Plaintiffs' filing of this motion as Defendants' counsel is in trial in another matter.

WHEREFORE, Plaintiffs request this Court grant this motion, enter an order extending the deadline for Plaintiff to make its expert disclosure, *nunc pro tunc*, August 29, 2020. Plaintiffs request any other relief this Court deems appropriate.

Dated:  September 1, 2020

                                                                         Respectfully submitted,

SEQUOR LAW, P.A.

          SEQUOR LAW, P.A.
          1111 Brickell Avenue, Suite 1250
          Miami, Florida 33131
          Telephone: (305) 372-8282
          Facsimile: (305) 372-8202
          E-Mail: dcoyle@sequorlaw.com

By:   */s/ Daniel Coyle*
      Daniel M. Coyle
      Florida Bar No. 055576

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on August 31, 2018.

*/s/ Daniel Coyle*
Daniel M. Coyle

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Rochelle Walk Friedman    rochelle@walklawfirm.com, admin@walklawfirm.com
- Gregory S Grossman    ggrossman@sequorlaw.com, ngonzalez@astidavis.com
- Andrew R Herron    aherron@homerbonner.com, jyanes@homerbonner.com
- Douglas N Menchise    Dmenchise@verizon.net, FL57@ecfcbis.com
- Jill Sarnoff Riola    Jriola@carltonfields.com
- Suzy Tate    suzy@suzytate.com, assistant@suzytate.com;cbrouss@suzytate.com;assistant@ecf.courtdrive.com;suzytate1234@gmail.com;suzy-tate-suzy-tate-pa-7461@ecf.pacerpro.com

### Manual Notice List

- (No manual recipients)

*EXHIBIT "A"*

| From: | Daniel M. Coyle |
| Sent: | Saturday, August 29, 2020 3:03 PM |
| To: | Erik Johanson |
| Subject: | Bhalla |

| Court: | In the United States Bankruptcy Court<br>Middle District of Florida<br>Tampa Division |
|---|---|
| Case Number: | Adv. Proceeding No. 8:16-ap-00285- RCT |
| Plaintiffs | China Central Television, China International Communications Co., Ltd., TVB Holdings (USA), Inc., and Dish Network L.L.C. |
| Defendants | Amit Bhalla and Rena Mehta Bhalla |
| Document(s) served: | Expert Report of Mindi Richtman<br>Expert Report of Scott Weinstein<br>Expert Report of Jason Wright<br>Expert Report of Sal Urso<br>https://sync.internoscloud.com:510/shares/folder/HFxXYEiwMte/ |
| Sender's Name & Telephone Number: | Daniel M. Coyle, Esq.<br>(305) 372-8282 |
| Per Fla. R. Jud. Admin. 2.516, This Will Be The Only Service Upon You Of This Document. You Will Not Receive A Paper Copy. ||